UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL HASLAM, WENDY
SAMZ,

               Plaintiffs,

      v.

MONARCH NATIONAL
INSURANCE COMPANY,

               Defendant.

_____/

Case No. 2:24-cv-918-KCD-NPM

## ORDER

This is an insurance dispute stemming from Hurricane Ian. Plaintiffs Michael Haslam and Wendy Samz submitted a flood claim that Defendant Monarch National Insurance Company will not pay. To recover the funds allegedly owed, Plaintiffs sue for breach of contract. (Doc. 6.)

Now before the Court is Monarch's motion to dismiss under Fed. R. Civ. P. 12(b)(6). (Doc. 24.) Monarch argues that Plaintiffs' suit is time-barred because it was not filed "within one year after the date of Monarch's written denial of part of their claim." (*Id.* at 13.) Separately, Monarch contends that Plaintiffs are seeking relief (such as attorney's fees and interest) that is precluded by existing law. (*Id.* at 14.)

Monarch is correct that this case is subject to a one-year statute of limitations. A standard flood insurance policy, like here, "is provided under the

terms of the National Flood Insurance Act of 1968 and its Amendments, and Title 44 of the Code of Federal Regulations." *Menster v. Allstate Ins. Co.*, No. 5:19-CV-77-OC-30PRL, 2020 WL 5534462, at *2 (M.D. Fla. Aug. 5, 2020). These regulations require a claimant to file suit "within one year after the date of mailing of notice of disallowance or partial disallowance" of the claim. 42 U.S.C. § 4072; *see also* 44 C.F.R. § 62.22(a).

The problem with Monarch's timeliness argument is procedural. To show that Plaintiffs filed this case outside the one-year window, Monarch relies on an affidavit from its claims manager. (*See* Doc. 24 at 13.) But the Court cannot consider such extrinsic evidence. "Generally, only the four corners of the complaint may be considered in ruling on a motion to dismiss pursuant to Rule 12(b)(6)." *Wittenberg v. Judd*, No. 8:17-CV-467-T-26AEP, 2017 WL 1399817, at *3 (M.D. Fla. Apr. 19, 2017). There are several exceptions to this rule, but Monarch fails to show (or even argue) that any apply here. Instead, Monarch simply presents the affidavit and declares victory. (*See* Doc. 24 at 13.) That won't work. *See Herman v. Mr. Cooper Grp. Inc.*, No. 2:23-CV-948-JES-KCD, 2024 WL 3277021, at *1 (M.D. Fla. July 2, 2024) ("In our adversarial system, a claimant must present her case. It is not a court's job to conduct research to provide the proper support for [conclusory] arguments.").

As mentioned, the one-year limitations period on a flood claim begins to run when the notice of denial is sent to the insured. The pleadings do not

provide when that happened here, so the Court cannot determine if Plaintiffs' claims are untimely. *See Hinds v. Credigy Receivables, Inc.*, No. 6:07-CV-1081-ORL-28-GJK, 2008 WL 11435771, at *1 (M.D. Fla. Apr. 29, 2008) ("A Rule 12(b)(6) motion to dismiss on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred.").

Monarch's remaining arguments are well taken. Plaintiffs' complaint seeks attorney's fees, declaratory relief, and interest. This relief is not available for flood claims under the National Flood Insurance Act. *See Jones v. Wright Nat'l Flood Ins. Co.*, No. 6:18-CV-1489-ORL-41-DCI, 2019 WL 957729, at *4 (M.D. Fla. Feb. 6, 2019). Nor are Plaintiffs entitled to a jury trial. *See Gunter v. Farmers Ins. Co.*, 736 F.3d 768, 773 (8th Cir. 2013). Consequently, these requests must be stricken.

It is thus **ORDERED**:

1.    Monarch's Motion to Dismiss (Doc. 24) is **GRANTED** as to Plaintiffs' extra-contractual claims for attorney fees, interest, and declaratory relief, along with the jury demand. The motion is otherwise **DENIED**.

2.    The Clerk is directed to correct the docket to reflect that there is no jury demand.

**ENTERED** in Fort Myers, Florida on September 17, 2025.

Kyle C. Dudek
United States District Judge